## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS E. NASH, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 19-cv-4121-JBM |
| | ) |
| **JAMES T. DIMAS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center ("Rushville"), files a complaint under 42 U.S.C. § 1983, seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915 (a)(1).  Section 1915 (a)(1) "is designed to ensure indigent litigants meaningful access to the federal courts." *Christophel v. Brandl,* No. 08-755, 2008 WL 5429658, at *1 (E.D. Wis. Dec. 31, 2008) citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  A court must, however, dismiss cases proceeding *in forma pauperis* "at any time" if the action is found frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  The Court has determined that Plaintiff reaches the threshold poverty analysis and now reviews the complaint to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant immune from suit.  28 U.S.C. §1915(e)(2).

When reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).  While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me

1

accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff alleges that Defendants James Dimas, Secretary of the Illinois Department of Human Services ("IDHS"); IDHS Security Director McCurry; Assistant Program Director Kunkel; Clinical Therapist Dr. Lodge; and Security Therapy Aids Lucas and Pennock were deliberately indifferent to his safety, resulting in his being sexually assaulted by his roommate.

On an unidentified date, Plaintiff was assigned a new roommate, Daniel Bess. Plaintiff claims that on July 23, 2018, while he was heavily medicated and sleepy, Mr. Bess sexually assaulted him in their cell. Plaintiff claims that he reported the assault to his clinical therapist but does not indicate that he filed an incident report or disclosed it to anyone else. Plaintiff thereafter filed an emergency request for a room change but does not indicate that he disclosed the reason for the request. His pleading in this regard is very unclear as he alleges without further explanation that "coworkers put words in my mouth and that's not what I said."

It does not appear that Defendants were aware of the incident and the request was denied. Plaintiff claims, in fact, that Defendants threatened him with disciplinary action for refusing housing. Plaintiff grieved the matter and asserts that an unidentified individual allegedly responded, indicating that Plaintiff had never reported the sexual assault by his roommate.

As noted, Plaintiff pleads only that he reported the incident to his therapist. The Court frankly does not know whether the therapist would have been bound to report the sexual assault or would, for confidentiality reasons, have been prohibited from doing so. If the Defendants did

not know of the sexual assault, however, they could not have been deliberately indifferent in failing to move Plaintiff or threatening him with discipline for refusing housing.

Plaintiff also claims that Defendants were deliberately indifferent as they should not have placed him with Mr. Bess to begin with. Plaintiff asserts that Defendants failed to perform a background check of Mr. Bess prior to the placement. It is not clear what Plaintiff would have expected the background check to reveal as both he and Mr. Bess are clearly sex offenders as evidenced by their detention at Rushville. If Mr. Bess had a prior history of sexual assault of his roommates, Plaintiff fails to allege it. Officials will not be found liable for failing to protect those in their charge unless they "knew the inmate faced a 'substantial risk of serious harm' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'" *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (emphasis in original).

Here, there is nothing to suggest that Defendants had particular knowledge that Mr. Bess would assault Plaintiff. "In failure to protect cases, '[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). "[A[ complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Id.* at 481. Plaintiff makes no such allegations here.

Plaintiff also asserts a claim that Defendants failed to follow protocols and guidelines, not particularly identified. He alleges, further, that staff failed to do regular, 15-30-minute checks of the cells but does not state that this was required or that it would have prevented the assault. Regardless, the failure to follow internal protocols or rules, without more, is not enough to

3

sustain a constitutional violation. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017); *Thomas v. City of Chicago,* 472 F.3d 444 (7th Cir. 2006) ("§ 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.")

Plaintiff's claims against Defendant Director Dimas appears to be based only on his position as the IDHS Director. There is, however, no respondeat superior or liability under § 1983 as defendants are only liable for their own wrongdoing. *Duckworth v. Franzen*, 780 F.2d 645, 650 (7th Cir. 1985). "To recover for damages under 42 U.S.C. § 1983, a plaintiff must establish defendant's personal responsibility for the claimed deprivation of a constitutional right." As Plaintiff fails to allege any personal participation by Defendant Dimas, he is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for leave to appeal IFP [3] is DENIED as the complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff will have 30 days from the entry of this order in which to replead. The pleading is to be titled "amended complaint" and is to stand complete, on its own without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendant Dimas is DISMISSED.

2. Plaintiff's Motion to Waive Fees [6] and Motion to Request Counsel [8] are rendered MOOT, though Plaintiff may reassert if he files an amended complaint. Plaintiff's Motion for Status [9] is also MOOT.

10/15/2019                                    s/ Joe Billy McDade
ENTERED                                       JOE BILLY McDADE
                                        UNITED STATES DISTRICT JUDGE